Moreton *v.* Reese.

plaintiff has established a right to recover, you should assess the damage. The injury to the freehold is an injury to the owner of it, for which he, and not the occupant, can recover damages.

Verdict for defendant and judgment.

---

## MORETON *v.* REESE.

Contract of purchase of land—rights of a purchaser in possession—fraud in the original purchase.

One in possession of land under a contract of purchase with time of payment, may contract for clearing the land, and sell the wood, rails, &c., as he would his crop, and it does not lie in the mouth of a purchaser of either, to avoid payment by setting up fraud in the purchase of the land from the vendor.
382] *If the purchaser is wasting the estate. or so proceeding as to lessen the security of the vendor, he must rescind the contract, or enjoin him in chancery; he cannot interfere with the purchaser's contracts with others.

ERROR to the Court of Common Pleas. The case below was assumpsit. On the trial, the following facts appeared. Moreton representing himself of ability to pay, induced one Crandall to sell him a piece of woodland, upon his contract to keep down the taxes, and to pay a stipulated sum at a future day. Crandall went into possession of the land, sold the timber upon it to Reese, and took his note, which was the foundation of the suit. After he began chopping the wood, Crandall, being informed that Moreton was worthless, gave notice to Reese to desist from chopping, but he, after notice, hauled off a part of the wood.

The court below charged the jury—

1. That if Moreton's purchase was induced by false representations, it was void, provided the representations went to the whole consideration.

2. If the contract was void, Moreton acquired no right in the land.

3. And if the note of the defendant was given for the timber on land held under such contract, and taken by Moreton without disclosing the true state of the contract, the taking it was a fraud on Reese, which would vitiate the note. There was judgment for the defendant.

For error in this charge it is sought to reverse the judgment.

WRIGHT, J. Moreton claimed the land under contract with Crandall, which is, in form, valid. While in possession of the land,

so claiming, he contracted with the defendant for the timber upon it. It is the universal custom for purchasers to clear the land, and he is fortunate that can reduce the expense by a sale of the wood, instead of being compelled to pay for the entire work, and to burn the wood on the land in order to clear it out of the way. If the vendee proceeds in an unusual way, or is injuring the freehold, the vendor must restrain him in equity or rescind the contract. But while the vendee is in possession under a contract he may contract for wood, or his crops, and it does not lie in the mouth of one purchasing of him wood, rails, or the crop, to object against paying, that the purchaser of the land defrauded his vendor. Such appears to us the case before us, in its strongest aspect for the defendant. The court below erred in ruling differently.

The judgment is reversed, with costs.

---

*PALMER *v.* HARPER.                    [383

Receiving verdicts—notice of non suit of no avail—certificate of the clerk on error—tender of chattels and judgment in.

The mode of receiving verdicts from the jury and recording them is matter of practice for our courts to regulate for themselves, in which they are not bound by the mode adopted in other states or countries.

A verdict delivered to a judge at chambers is good.

If a plaintiff give notice before a verdict is entered that he will not answer if called, but submit to a non suit, he does not thereby impose on the defendant the necessity of calling him and having him non suited, but leaves him at his option to do so, or enter the verdict and take judgment upon it.

The court on error will take no notice of the transactions of the court below which do not appear on the record, and only certified by the clerk.

On a contract for property, and a plea of tender, the jury should assess the value of the property if the tender is established, on which the court may order its delivery or give judgment for the value; and it is error to give judgment on a general verdict for the defendant, leaving him the property contracted for and tendered.

ERROR to the Court of Common Pleas. Palmer sued Harper in assumpsit upon a note, payable in cattle. A trial was had on the plea of non assumpsit, and notice that by a subsequent agreement, the time for the delivery of the cattle was extended, and a tender and refusal within the extended time.

The clerk of the Court of Common Pleas certifies to this court,

. 1. That the court instructed the jury to seal up and deliver their verdict to their foreman, or the court would receive it at chambers without seal.

. The jury found for the defendant the agreement and tender as